IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                   Cr. No.  03-1227 JH

PEDRO MIGUEL INZUNZA-FELIX,

        Defendant.

## MEMORANDUM OPINION AND ORDER

       This matter comes before the Court on Defendant's *Motion to Dismiss for Pre-Indictment Delay* [Doc. No. 43]. As grounds for the motion, Defendant argues that although he is charged with participating in a conspiracy to distribute cocaine in February and March of 2001, the Government failed to indict him until June of 2003. The issue presented by the motion is whether this delay resulted in a violation of Defendant's due process rights.

       It appears to be undisputed that on March 9, 2001, the Government seized the alleged drug money and arrested Defendant Inzunza-Felix, along with two alleged co-conspirators. The Government then released Defendant and deported his alleged co-conspirators. According to the Defendant, the more than two-year period between his arrest and indictment has prevented him from contacting and interviewing his alleged co-conspirators for the purpose of obtaining exculpatory testimony. The Government contends that the two-year delay was a result of the legitimate investigative needs of the FBI, as the cooperating witnesses in this case were cooperating with law enforcement in other cases. According to the Government, indicting Defendant in 2001 would have jeopardized the safety of the cooperating witnesses and hindered other investigations.

The Tenth Circuit has held that to warrant dismissal, a defendant must demonstrate the Government's delay was intentional and purposeful: "more than ordinary negligence on the part of Government representatives must be shown, no matter how high the actual proof of prejudice is." *United States v. Batie*, 433 F.3d 1287, 1293 (10th Cir. 2006) (quoting *United States v. Comosona*, 614 F.2d 695, 696 n. 1 (10th Cir. 1980)). As the Court has explained,

> Preindictment delay is a violation of due process where (1) the defendant suffered actual prejudice resulting from the delay, and (2) the delay was purposefully designed to gain tactical advantage or to harass. To constitute a showing of actual prejudice, the defendant must show that he has suffered definite and not speculative prejudice. Thus, vague and conclusory allegations of prejudice resulting from the passage of time are insufficient to constitute a showing of actual prejudice for the purposes of preindictment delay.

*United States v. Colonna*, 360 F.3d 1169, 1176-77 (10th Cir. 2004) (internal citations and quotations omitted).

Defendant's motion falls far short of this standard. He claims that as a result of the delay, witnesses' memories have become hazy, thereby prejudicing his defense. However, Defendant does not say which witnesses' memories have been affected, or to what degree. It appears that his conclusory argument regarding the deterioration of witness' memories is based only upon speculation.

Defendant also contends that as a result of the delay he has been unable to locate the two alleged co-conspirators who may be able to supply exculpatory testimony. Again, Defendant does not explain how the delay caused him to lose contact with the witnesses; on the record before the Court, it appears that it was their deportation, not the delay, that has interfered with his ability to reach them. Furthermore, Defendant does not demonstrate that their absence has caused him actual prejudice. As the Government correctly points out, Defendant assumes that the co-conspirators

2

would testify in his favor, yet this appears to be mere speculation.

Finally, the Defendant has offered neither evidence nor argument to demonstrate that the Government chose to delay the indictment in order to gain a tactical advantage or to harass the Defendant. Instead, Defendant ignores this prong of the test. The Government has offered an explanation for the delay—protection of cooperating witnesses and other FBI investigations—and Defendant does not even attempt to argue that the Government had an alternate purpose to intentionally prejudice or harass the Defendant.

In light of the foregoing, the Court concludes that the motion to dismiss should be denied. Further, the Court concludes that a hearing on this matter is not warranted.

**IT IS THEREFORE ORDERED** that the *Motion to Dismiss for Pre-Indictment Delay* [Doc. No. 43] is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**